*MEAD ET AL. vs. BUCKNER.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

The master of a steamboat, who contracts for repairs, is personally bound. The parties contracting with him have a double remedy: they may sue him, or sue the owners on a contract made with their agent.

Where the evidence is contradictory, but preponderates in favor of the party for whom the jury find, the supreme court will not interfere with their verdict.

It is not necessary to file an answer to a plea in reconvention.

The principle that reconvention on reconvention cannot be permitted was firmly settled by our ancient laws, and the Code of Practice neither contemplates nor provides for such a mode of proceeding. But the party must object to its being filed at the time it is offered.

The circumstance of the jury finding three hundred dollars damages, when only two hundred were claimed, furnishes no ground for setting aside their verdict—and for the excess, the attorney had a right to enter a *remititur.*

The facts are fully stated in the opinion of the court, delivered by

*Porter, J.*

This action was instituted on an unliquidated demand, for work and labour done. The defendant was arrested and held to bail. He denied all the allegations in the petition, except that he was part owner of the steamboat on which the plaintiffs had worked. And he further set up a demand in reconvention, for damages sustained by the plaintiffs, not having executed the repairs on the boat, within the time stipulated in the contract, and for having made them in so unskilful and defective a manner, that great injury was sustained by himself and the other proprietors of the steamboat. To this demand, in reconvention, the defendant annexed an affidavit of the truth of the facts therein set

fourth, and one of the plaintiffs, Mead, was arrested and held to bail.

To the petition in reconvention, the plaintiff pleaded the general issue. And, in addition to the defence, claimed two hundred dollars damages, in reconvention, for the illegal and malicious arrest of one of the plaintiffs, on the defendants demand in reconvention. To this last demand no answer was put in.

The jury, however, took all the matters into consideration, and found for the plaintiffs, on their original demand, against the defendant, on his demand in reconvention— and in favour of the plaintiffs, on their reconventional demand. The damages assessed by them on the last ground, being one hundred dollars more than the plaintiffs claimed. Their counsel entered a *remittitur* for that sum, and the court confirmed the verdict, after overrulling a motion of defendant for a new trial.

He has appealed, and alleges as error :

1. The judgment is for a larger amount than that set fourth in the account, annexed to and making part of the petition—8, *N. S.* 386.

2. The answer shews that there are several owners of the steamboat Walk-in-the-Water, and the judgment is against the defendant only.

3. The evidence shews that the claims of the defendant as plaintiff, in reconvention, though well supported, were overlooked by the jury.

4. There was no *contestatio litis* on the plaintiff's supplemental claim for damages.—8, *N. S.* 297, 301 *and* 338.

5. The verdict of the jury, on the claim of the plaintiffs for damages, shews that vindictive damages were awarded.

6. The attorney of the plaintiff had no authority to enter a *remittitur* for the excess over the demand of the plaintiff. —4, *N. S.* 145.

I. The sum claimed in the original petition, is $613 37

MEAD ET AL.
vs.
BUCKNER.

cents. The judgment of the court is for $613 29 cents. The excess of two cents has properly not been noticed. The objection on the argument was, that by the account filed with the petition and made a part thereof, it does not appear that $613 27 cents is due. The only account we see on the record is for a larger sum than that claimed. Whether it is that which was filed with the petition, we have no means of knowing.

The master of a steamboat who contracts for repairs is personally bound. The parties contracting with him have a double remedy— they may sue him, or sue the owners on a contract made with their agent.

II. The second ground on which a reversal of the judgment is claimed, is wholly untenable. The contract for repairs, in this instance, was made with the master of the boat; and, it is a well understood and familiar doctrine of commercial law, that in such cases the master is personally bound. The parties contracting with him have a double remedy. They may sue him, or sue the owners, on a contract made with their agent.

Where the evidence is contradictory, but preponderates in favor of the party for whom the jury find, the supreme court will not interfere with their verdict.

III. The next ground calls from us an opinion on the merits. We have examined the evidence. It is contradictory, but we think preponderates in favour of the plaintiffs. It is far from presenting a case which would authorize us to interfere with the verdict of the jury.

It is not necessary to file an answer to a plea in reconvention.

IV. The next error alleged is the want of a *contestatio litis*, on the plaintiff's supplemental claim for damages.

We have decided in the case of *Suarez* vs. *Duralde*— 1, *Miller* 266—that it is not necessary to file an answer to a petition in reconvention. The law implies a general denial to such demands. We, therefore, think there was a *contestatio litis*, and the cause cannot be remanded on that ground. The difficulty we have had with this part of the case, does not arise from want of an answer to the claim in reconvention, but from permitting such a claim to be filed. If it had been objected to, it must have been rejected. The principle that reconvention cannot be permitted on reconvention, was firmly settled in our ancient laws, and the Code of Practice neither contemplates nor provides for such a mode of pro-

The principle that reconvention on reconvention cannot be permitted, was firmly settled by our an-

ceeding. It would produce utter and inextricable confusion in the trial of causes. In the case of *Parker* vs. *Starkweather*, we held that to a petition of reconvention, the plaintiff might plead matters in compensation, which would shew the claim of defendant to be extinguished ; but that he could go no farther. The present demand was not of that character. It was not offered in compensation of the defendant's claim in reconvention, and it was for matters which could not be pleaded in compensation.—6, *Mart.* 610.

But the case does not present the naked question as to the legality of permitting such a claim ; it embraces another very important consideration, whether the defendant can now take advantage of the irregularity. He did not object to the petition being filed. He made no opposition to the matters embraced by it being submitted to the jury ; or, at least, if he did, the record contains no proof of it. We think, therefore, that after acquiescing in an examination of the demand, in the form in which it was presented, and taking the chance of having it rejected by the jury, he cannot have the case remanded, because they found against him.

V. The jury are charged with rendering *vindictive* damages. The proof offered of it is, that they found $300 for the malicious arrest, when only $200 were demanded. But we see no evidence of such a feeling in this circumstance. They, no doubt, thought the plaintiffs entitled to the sum they found due to them, and supposed they had demanded it. It cannot be presumed, that twelve men called on their oaths, to decide between two strangers, should be seized with a spirit of revenge against one of the parties, and in furtherance of it, give vindictive damages. There are many other ways of accounting for the error, and this is the last which should be resorted to. Excess of this description, is not an uncommon occurrence ; but it is rare to consider the whole finding as bad, because such a

Eastern District,
*March* 1831.

MEAD ET AL.
*vs.*
RUCKNER.

cient laws, and the Code of Practice neither contemplates nor provides for such a mode of proceeding ;—but the party must object to its being filed at the time it is offered.

MEAD ET AL.
*vs.*
BUCKNER.

mistake is made. If the jury thought (and we are not prepared to say there was error in their so thinking,) that the claim of $3000 damages was exaggerated, and that the defendant, profiting by his position, had attempted to impede and embarrass a stranger among us in pursuit of justice, then, perhaps, the error was not in the jury giving too much; but in the plaintiffs asking too little. At all events, it furnishes no ground for setting the verdict aside.

The circumstance of the jury finding 300 dolls. damages when only $200 were claimed, furnishes no ground for setting aside the verdict ; and for the excess the attorney had a right to enter a *remititur.*.

The last ground, is the want of authority in the attorney to enter up the *remittitur.* As judgment could not have been obtained for the excess, and as that excess stood in the way of judgment, for what was really due, we think the attorney acquired a right for his client, instead of surrendering one. It was within the scope of his authority to do all matters in court necessary to obtaining the sum which his client had demanded in the petition.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

---

*SAME CASE ON A REHEARING.*

*Porter, J.,* delivered the opinion of court.

The defendant has moved for and obtained a rehearing. Acquiescing in every other part of the judgment, except that which rejected his claim to a diminution of the *amount* in which he was condemned, he contends there was error in not sustaining that objection.

The sum claimed in the petition is $613 27, according to the account annexed, *and made a part of the petition.* That account, as added up by the plaintiff, corresponds with the allegation just stated. But it is shewn that by running up the addition of the figures, there is an error of one hundred and eighty-eight dollars. This difference the plaintiffs have endeavoured to explain, but have failed to do it satisfactorily to our minds.

The original account produced on this argument, does

away the difficulty we had in sustaining the objection, when the cause was first heard. The judgment, therefore, must be amended so as to meet the facts of the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the plaintiffs do recover of the defendant the sum of five hundred and twenty-five dollars and 31 cents, with costs in the court below, those of appeal to be borne by the appellee.